UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA,  |  |
|                    Plaintiff, | Crim. No. 23-269 (JRT/DLM) |
| v. |  |
| KEONTAE QUENTRELL JONES, | **MEMORANDUM OPINION AND ORDER REJECTING THE REPORT AND RECOMMENDATION** |
|                    Defendant. | |

---

Andrew S. Dunne and Garrett S. Fields, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Steven J. Wright, **LAW OFFICE OF STEVEN J. WRIGHT**, 331 Second Avenue South, Suite 705, Minneapolis, MN 55415, for Defendant.

Defendant Keontae Quentrell Jones was indicted on Possession with the Intent to Distribute Fentanyl and Possessing a Firearm in Furtherance of a Drug Trafficking Crime. He now moves to suppress two types of evidence: the results of a warrantless ion swab scan of the exterior door of his apartment and evidence obtained during the subsequent warranted search of the apartment. Magistrate Judge Douglas L. Micko issued a Report and Recommendation ("R&R") recommending that Jones's motion be granted in part and denied in part. The Magistrate Judge concluded that although the ion swab scan of Jones's apartment door violated the Fourth Amendment and so should be suppressed, the evidence discovered in the apartment pursuant to the search warrant is admissible

under the good-faith exception to the exclusionary rule.  The Court has conducted a de novo review in response to Jones's and the government's objections to the R&R.  Because the Court finds that the ion swab scan of Jones's apartment door was not an unconstitutional search, the Court will overrule Jones's objections, sustain the government's objections, reject the R&R, and deny Jones's motion to suppress.

## BACKGROUND

The R&R comprehensively provides the factual and procedural history of this case, unobjected to by either party, which the Court will adopt in full.  (*See* R. & R. at 1–6, Jan. 26, 2024, Docket No. 50.)  As such, the Court will only summarize the history here.

Acting on tips that Jones was selling fentanyl and cocaine, law enforcement officers conducted an ion swab scan of Jones's apartment's exterior doorknob and locking mechanism.  (*Id.* at 2–3.)  An ion swab scan detects things that are physically present but undetectable by the human eye, like small traces of controlled substances.  (*Id.* at 3.)  The officers believed that finding trace amounts of a controlled substance on Jones's front door meant there was a "good, high chance that there [would be] controlled substances inside the apartment."  (*Id.*)

The officers debated whether they needed a warrant to conduct the ion swab scan, but ultimately proceeded without a warrant based on a recent state court decision holding that no warrant is necessary when the swab is performed on a publicly accessible apartment door in a common hallway.  (*Id.* at 4.)  The two entrances into Jones's

apartment complex are unlocked. (*Id.* at 3.) Hence, the officers conducted the ion swab scan without a warrant. (*Id.* at 2, 4.)

The ion swab scan indicated the presence of cocaine. (*Id.* at 4.) Based in part on the positive ion swab scan results, the officers obtained a warrant to search Jones's apartment. (*Id.* at 4–5.) While executing the warrant, the officers seized incriminating evidence from Jones's apartment. (*Id.* at 6.)

Jones was indicted with one count each of possession with intent to distribute fentanyl and possession of a firearm in furtherance of a drug trafficking crime. (Indictment at 1–2, Aug. 30, 2023, Docket No. 1.) He moved to suppress evidence obtained in violation of the Fourth Amendment, namely, (1) the results from the warrantless ion swab scan of the exterior door of his apartment, and (2) the subsequent warranted search of that apartment. (Mot. to Suppress at 1, Sept. 29, 2023, Docket No. 24.)

The Magistrate Judge recommended that the ion swab scan results be suppressed because they were obtained by an unconstitutional search under the Fourth Amendment, but that the evidence seized in Jones's apartment during the execution of the search warrant is admissible under the good-faith exception to the exclusionary rule. (R. & R. at 19–20, Jan. 26, 2024, Docket No. 50.) Both Jones and the government object to the R&R. (Pl.'s Obj. to R. & R., Feb. 7, 2024, Docket No. 51; Def.'s Obj. to R. & R., Feb. 9, 2024, Docket No. 52.)

**DISCUSSION**

**I.    STANDARD OF REVIEW**

After a magistrate judge files an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

**II.   ANALYSIS**

The government objects to the Magistrate Judge's determination that the ion swab scan constituted an unconstitutional search that required a warrant, while Jones objects to the applicability of the good-faith exception to the evidence obtained during the warranted search of the apartment. Because both parties properly objected to the R&R, the Court will conduct a de novo review.

**A.     Search Analysis**

The government argues that the ion swab scan of Jones's apartment doorknob and locking mechanism did not constitute a search for Fourth Amendment purposes. More specifically, the government argues that the apartment's exterior door does not qualify as constitutionally protected curtilage, and that the Magistrate Judge's reliance on the concurrence in *United States v. Perez* is misplaced. 46 F.4th 691, 705–07 (8th Cir. 2022) (Kelly, J., concurring). The Court agrees.

The Fourth Amendment protects against unreasonable searches and seizures of private property by the government. *United States v. Roby*, 122 F.3d 1120, 1123 (8th Cir. 1997). "[E]vidence obtained from unreasonable searches or seizures is inadmissible." *Id.* But there is no Fourth Amendment violation if the space into which the government intrudes carries no reasonable expectation of privacy. *New York v. Class*, 475 U.S. 106, 112 (1986) (citing *Katz v. United States*, 389 U.S. 347, 360 (1967) (Harlan, J., concurring)).

The Eighth Circuit has not yet addressed the constitutionality of warrantless ion swab scans under the Fourth Amendment. And only a few courts in this District have pondered the issue.[1] Without controlling caselaw, the Court must confront the question

---

[1] *See United States v. Martinez*, No. 22-86, 2022 WL 18011789, at *1 (D. Minn. Dec. 30, 2022) (finding no reasonable expectation of privacy where officers ion swabbed the doorknob and padlock of defendant's rented storage units); *United States v. Kline*, No. 17-253, 2018 WL 1278315, at *3 (D. Minn. Feb. 23, 2018), *report and recommendation adopted*, 2018 WL 1277001 (D. Minn. Mar. 12, 2018) (assessing whether warrant was supported by probable cause in part by warrantless ion swab scan); *United States v. Carter*, No. 20-35, 2020 WL 6136480, at

of whether Jones had a reasonable expectation of privacy in the exterior doorknob and lock of his apartment. The Court finds he did not.

Constitutionally protected areas in which a person may reasonably expect privacy are those within the curtilage of the home. *United States v. Dunn*, 480 U.S. 294, 300 (1987). There are four factors courts use to wholistically examine whether a space is part of a home's curtilage, which include the "proximity of the area claimed to be curtilage to the home, whether the area is included within an enclosure surrounding the home, the nature of the uses to which the area is put, and the steps taken by the resident to protect the area from observation by people passing by." *Id.* at 301.

Weighing these factors, the Court finds that Jones's apartment's exterior doorknob and lock are not part of his home's curtilage. The Eighth Circuit instructs that there is no reasonable expectation of privacy in the common areas of an apartment building. *United States v. McCaster*, 193 F.3d 930, 933 (8th Cir. 1999); *United States v. Brooks*, 645 F.3d 971, 975–76 (8th Cir. 2011). Jones's apartment door is in a common space and accessible to the public. Nobody would claim that Girl Scouts or trick-or-treaters knocking on his door would violate the federal Constitution. *Florida v. Jardines*, 569 U.S. 1, 8 (2013). The Court finds conducting an ion swab scan constitutes similar contact with the exterior door. Further, Jones, as a renter, lacks the right to exclude individuals from interfering

---

*5 n.3 (D. Minn. Sept. 18, 2020) (noting that ion swabbing the doorknob of a townhome would be a search).

with the exterior of his door. For example, Jones does not have the right to forbid the owner of the apartment building from replacing or repainting the doorknob or lock. *Cf. United States v. Martinez*, No. 22-86, 2022 WL 18011789, at *2 (D. Minn. Dec. 30, 2022). Thus, the doorknob and lock are not within the apartment's curtilage. A critical factor is the fact that the apartment building is unlocked and thus accessible to the public. In such instances, the doorknob and lock do not carry with them a reasonable expectation of privacy.

Jones claims that the officers unconstitutionally trespassed his home when they physically touched his apartment doorknob and lock, *United States v. Jones*, 565 U.S. 400, 407 n.3 (2012), using sense-enhancing technology to gather "any information regarding the interior of the home that could not otherwise have been obtained without physical 'intrusion into a constitutionally protected area,'" *Kyllo v. United States*, 533 U.S. 27, 34 (2001) (quoting *Silverman v. United States*, 365 U.S. 505, 512 (1961)). However, the ion swabbing at issue in this case is distinguishable from installing a GPS device on a suspect's vehicle to monitor the vehicle's movements and using thermal imaging technology to detect infrared radiation within constitutionally protected spaces. *See Jones*, 565 U.S. at 404; *see also Kyllo*, 533 U.S. at 40. While ion swab scans detect unseen traces of controlled substances on a front door, they do not affirmatively reveal anything beyond the door, unlike the thermal imaging technology at issue in *Kyllo*. And while the officers did physically touch the doorknob and lock of Jones' apartment door to collect the sample

for the ion swab scan, the Court finds there is no reasonable expectation of privacy of an apartment doorknob and lock that warrants constitutional protection.

Analogous caselaw involving the use of drug detection dogs supports this conclusion by distinguishing the door of an apartment in a common hallway to the door of a single-family home. Using a drug detection dog to sniff the door frame of an apartment located in a common hallway does not constitute a search. *United States v. Scott*, 610 F.3d 1009, 1016 (8th Cir. 2010). In contrast, using a drug detection dog to sniff a door on the porch of a single-family home does. *Jardines*, 569 U.S. at 11–12. Nevertheless, the Eighth Circuit has "neither expressly overruled *Scott* nor explained how *Jardines* applies to apartment doors in a common hallway." *United States v. Perez*, 46 F.4th 691, 697–98 (8th Cir. 2022); *see also United States v. Hopkins*, 824 F.3d 726, 732 n.3 (8th Cir. 2016); *United States v. Hines*, 62 F.4th 1087, 1092–93 (8th Cir. 2023). Though Judge Kelly in her concurring opinion in *Perez* indicated that the area around an apartment door that opens into a common hallway may be curtilage, without explicit guidance from the Eighth Circuit that an apartment door in a common hallway is curtilage, the Court will follow precedent. 46 F.4th at 705–07 (Kelly, J., concurring). In the Court's view, there are different expectations of privacy for these spaces. The front door of an apartment in a common hallway is physically located within a common space, whereas the front porch is a part of the home itself "to which the activity of home life extends." *Jardines*, 569 U.S. at 7.

In sum, there is no reasonable expectation of privacy in generally accessible spaces like the shared hallway outside Jones's apartment door, which includes the apartment doorknob and locking mechanism. The doorknob and lock are not part of the home's curtilage. As a result, the ion swab scan of Jones's apartment doorknob and locking mechanism was not a search.

### B. Good-Faith Exception

Jones argues that the evidence obtained from his apartment pursuant to the warrant is not admissible under the *Leon* good-faith exception to the exclusionary rule. *See United States v. Leon*, 468 U.S. 897 (1984). More specifically, Jones claims the exception does not apply because it was not objectively reasonable for the officers to believe that the warrant was valid. Because the Court finds there was no unconstitutional search in this case, it need not determine whether the good-faith exception applies. Yet even if there was a search, the Court would find that the evidence obtained pursuant to the warrant is admissible under the good-faith exception.

The good-faith exception applies "when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope, even if the warrant is subsequently invalidated." *United States v. Cannon*, 703 F.3d 407, 412 (8th Cir. 2013) (quoting *Leon*, 468 U.S. at 920–21) (internal quotation omitted). The application of the exception depends on whether the officers "had an objectively reasonable basis to believe they were complying" with applicable law. *United States v. Conner*, 127 F.3d 663, 667 (8th Cir. 1997) (quotation omitted). The officers' pre-warrant

conduct must have been "close enough to the line of validity" that their belief in the validity of the warrant was reasonable by an objective standard, though the exception will not apply if the pre-warrant conduct was "clearly illegal." *Id.* (quotation omitted).

The Court finds it was objectively reasonable for the officers in this case to believe they were complying with applicable law when they conducted the ion swab scan without a warrant. Even if the officers subjectively relied on the single state court opinion, analogous Eighth Circuit precedent could reasonably lead an officer to believe no warrant was necessary under such circumstances. There is no reasonable expectation of privacy in the common hallway of an apartment building. *McCaster*, 193 F.3d at 933. And the Eighth Circuit has not held otherwise. Furthermore, the Eighth Circuit has specifically held that even in the event of a search, the good-faith exception applies to evidence obtained after a warrantless drug detection dog sniff of an apartment door in a common hallway. *Hines*, 62 F.4th at 1092–93; *Perez*, 46 F.4th at 697–98. The similarities between the dog sniffing cases and this one warrant the application of the good-faith exception here. As such, even if there was a search in this case, the Court would find that the evidence obtained in Jones's apartment pursuant to the warrant is admissible under the good-faith exception.

## CONCLUSION

The warrantless ion swab scan of Jones's apartment doorknob and locking mechanism did not constitute a search because the doorknob and lock are not within the curtilage of the home and carry with them no reasonable expectation of privacy. As a

result, the Court will overrule Jones's objections, sustain the government's objections, reject the R&R, and deny Jones's motion to suppress.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objection to the Report and Recommendation [Docket No. 51] is **SUSTAINED**;

2. Defendant's Objection to the Report and Recommendation [Docket No. 52] is **OVERRULED**;

3. The Magistrate Judge's Report and Recommendation [Docket No. 50] is **REJECTED**; and

4. Defendant's Motion to Suppress [Docket No. 24] is **DENIED**.

DATED: April 25, 2024                         _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                  JOHN R. TUNHEIM
                                                      United States District Judge