*The Law Office of*
# STEVEN J. WRIGHT

CRIMINAL DEFENSE

May 7, 2024

The Honorable John R. Tunheim
U.S. District Court Judge
300 South Fourth Street
Minneapolis, MN 55415

Re:    <u>United States v. Keontae Quentrell Jones</u>
        Crim. Case No. 23-269 (JRT/DLM)

Judge Tunheim:

Defendant Keontae Jones respectfully requests permission under Local Rule 7.1(j) to file a motion to reconsider the Court's order of April 25, 2024. (ECF Doc. 58 (Order).)

Respectfully, the Order commits manifest error in applying the Fourth Amendment standard to be employed when the officer swabbed the front door handle and locking mechanism of Mr. Jones's apartment door. As the Order notes, Mr. Jones's argument was based on the trespass test of Fourth Amendment protections set out in *Jones v. United States*, 565 U.S. 400 (2012), and *Florida v. Jardines*, 569 U.S. 1 (2013). (Order at 7 (noting Mr. Jones's argument).) The Order errs by neither setting out the Fourth Amendment trespass test nor giving it proper precedence.

The trespass test has two prongs. First, there must be a trespass, a physical intrusion, upon a constitutionally protected area, the "persons, houses, papers, and effects" specifically named in the Fourth Amendment. See *Jones*, 565 U.S. at 404–05. Second, the trespass must be committed in "an attempt to find something or to obtain information." *Jones*, 565 U.S. at 408 n.5.

The Order erroneously combines the trespass test with the "reasonable expectation of privacy" test of *Katz v. United States*, 389 U.S. 347, 351 (1967). These two tests are separate, and, importantly, they are hierarchical. Where there is a violation of the trespass test, there is no cause to consider the *Katz* test. See *Jones*, 565 U.S. at 406–07; *see also Jardines*, 569 U.S. at 11. As Justice Scalia noted in *Jones*, the trespass test predates the *Katz* standard, reflecting the original understanding of the Fourth Amendment. *See*



TriTech Ctr | 331 Second Ave South  Ste 705  Minneapolis, MN 55401
(612) 669-8280 | stevenjameswright@gmail.com
STEVENJAMESWRIGHT.COM

*Jones*, 565 U.S. at 405–09 (discussing the history). "The *Katz* reasonable-expectations test has been *added to,* not *substituted for,* the traditional property-based understanding of the Fourth Amendment, and so is unnecessary to consider when the government gains evidence by physically intruding on constitutionally protected areas." *Jardines*, 569 U.S. at 11 (cleaned up).

*Jones* shows the hierarchical nature of the two tests. The government attempted to argue in *Jones* that there could be no reasonable expectation of privacy in the underside of the car where agents had affixed the GPS tracker, nor in the car's location disclosed by the tracker. *See Jones*, 565 U.S. at 406. They pointed to *New York v. Class,* 475 U.S. 106, 114 (1986), which noted that "[t]he exterior of a car . . . is thrust into the public eye, and thus to examine it does not constitute a 'search.'" *Jones* rejected the government's reliance on *Class* and *Katz* because there is no cause to use the *Katz* test if the officers violate the trespass test. *See Jones*, 565 U.S. at 406–07. And the officers failed the trespass test when they made contact with the outside of the vehicle for the purpose of investigation: "[b]y attaching the device to the Jeep, officers encroached on a protected area." *Jones*, 565 U.S. at 410.

It did not matter in *Jones* that the car was exposed to the public and the officers did not enter the interior of the car; nor did it matter that Jones was not the owner of the car searched. *See id*. at 404 n.2; *cf. Chapman v. United States*, 365 U.S. 610, 616–17 (1961) (recognizing tenants' Fourth Amendment protections). The Order therefore commits manifest error in its core holding that, "while the officers did physically touch the doorknob and lock of Jones' apartment door to collect the sample for the ion swab scan, the Court finds there is no reasonable expectation of privacy in an apartment doorknob and lock that warrants constitutional protection." (Order at 8.) This combines the trespass test with the *Katz* test, rather than giving the trespass test precedence over the *Katz* test.

As the Order notes, the question of whether a warrant is required for an ion swab is as-yet unaddressed by the Eighth Circuit and only minimally addressed in a handful of orders from other judges in this district. Given the lack of caselaw, every new order on the subject carries proportionately more weight. For various reasons, such orders may not receive appellate review and thus may stand as persuasive authority for years to come. For that reason, error becomes that much more important to correct.

Mr. Jones respectfully requests leave of the Court to file a motion to reconsider.

Respectfully submitted,

*/s/ Steven J. Wright*
Attorney for Mr. Jones